[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the entire revised complaint upon the ground that it fails to state a cause of action upon which relief may be granted. At issue is, (1) whether the plaintiff sufficiently alleged a cause of action based on discrimination under Conn. Gen. Stat. 31-290a and (2) whether the plaintiff sufficiently alleged a cause of action for intentional infliction of emotional distress and whether such an action is barred by the exclusive remedy provisions of the Workers' Compensation Act, Conn. Gen. Stat. 31-284.
On November 1, 1990, the plaintiff, Nicholas Cecere, filed a two-count revised complaint alleging a violation of Conn. Gen. Stat. 31-290a in count one and a cause of action based upon intentional infliction of emotional distress in count two. In count one the plaintiff alleges that while an employee of the defendant, LaBonne's Epicure, Inc., he sustained a work-related injury for which he received workers compensation benefits. Plaintiff alleges that thereafter the defendant terminated the plaintiff's health insurance, but was subsequently ordered by the Workers' Compensation Commissioner to reinstate the plaintiff to the defendant's health insurance plan. The plaintiff further alleges that the defendant fraudulently and in bad faith represented to the plaintiff and to the Workers' Compensation Commission that it had provided the plaintiff with equivalent insurance. However, the plaintiff asserts that this insurance policy was not equivalent and that defendant allowed this policy to lapse. The plaintiff alleges that as a result of the defendant's failure to provide major medical insurance coverage as required by Conn. Gen. Stat. 31-284b, the plaintiff has suffered injuries that were not compensated by insurance. Revised Complaint, Count One, paragraph nine. The plaintiff also alleges that the defendant's failure to provide equivalent insurance and its fraudulent concealment of its failure to provide insurance constitutes discrimination against the plaintiff, as an employee, because of the plaintiff's action in filing a claim for workers compensation benefits. Revised Complaint, count one, paragraph eighteen. The plaintiff asserts that such discrimination is prohibited by Conn. Gen. Stat. 31-290a(a). CT Page 7783 The plaintiff concludes that the defendant's failure and refusal to supply medical insurance, constituting discrimination of an employee who filed a workers compensation claim, also violates Conn. Gen. Stat. 31-284b. Revised Complaint, count one, paragraph twenty-one.
In count two the plaintiff alleges that he suffered severe emotional harm as a direct result of the defendant's failure to provide and maintain medical insurance coverage. The plaintiff further alleges that defendant's failure to provide medical insurance, as required by law, was intentional, extreme and outrageous, constituting an intentional infliction of emotional harm. Revised Complaint, count two, paragraphs twenty-four and twenty-six.
On November 16, 1990 the defendant, LaBonne's Epicure, Inc., filed a motion to strike the entire revised complaint upon the ground that it fails to state a claim for which relief may be granted. In its memorandum of law in support of the motion to strike, the defendant argues that the plaintiff has characterized his cause of action in count one as, an action based upon a violation of Conn. Gen. Stat. 31-290a. Thus, the defendant challenges the sufficiency of this cause of action upon the ground that the plaintiff has failed to set forth a prima facie case of discrimination by showing unequal treatment of persons similarly situated. The defendant argues that the plaintiff has failed to prove that he has been subjected to substantially disparate treatment as contrasted with individuals who do not have workers compensation claims. As to count two, the defendant argues that the plaintiff has not included an allegation that the defendant intended to cause emotional harm, a requisite element of an action for intentional infliction of emotional harm. Furthermore, the defendant argues that this cause of action in count two is barred under the provisions of the exclusive remedy defense of the Workers' Compensation Act, Conn. Gen. Stat. 31-284 (a).
On November 23, 1990, the plaintiff filed a memorandum of law in opposition to defendant's motion to strike. The plaintiff argues that the action in count one is filed pursuant to Conn. Gen. Stat. 31-290a. The plaintiff further argues that the defendant's denial of basic health insurance coverage to employees who file workers compensation claims, is the type of discriminatory action which the legislature was attempting to prevent by enacting Conn. Gen. Stat. 31-290a. The plaintiff concludes that the allegation of discrimination based upon the denial of insurance coverage is sufficient so as to deny the motion to strike. The plaintiff also argues that sufficient allegations of an intentional infliction of emotional harm have been pled in count two of the complaint. CT Page 7784 Furthermore, the plaintiff argues that this cause of action in count two is not barred by the exclusive remedy provisions of the Workers' Compensation act since the acts which form the basis of the intentional infliction of emotional harm occurred outside the employment relationship.
On December 7, 1990, the court entered a judgment of dismissal pursuant to Conn. Practice Bk. 251. Subsequently, the court (Gill, J.) granted the plaintiff's motion to open that judgment of dismissal on March 25, 1991. The original motion to strike filed on November 16, 1990 was argued on July 22, 1991.
A motion to strike challenges the legal sufficiency of the allegations of a pleading to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). "The sole inquiry at this stage [of the pleadings] is whether the [pleader's] allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, 39 Conn. Sup. 129, 132 (Super.Ct. 1983). In determining the sufficiency of the pleading, the trial court may not seek beyond the complaint for facts not alleged. Cavallo v. Derby Savings Bank, 188 Conn. 281, 283
(1982).
A. Conn. Gen. Stat. 31-290a
Conn. Gen. Stat. 31-290a(a) provides that "[n]o employer. . . shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." Conn. Gen. Stat. 31-290a(b) further provides that an employee so discharged or discriminated against may bring a civil action in the superior court or file a complaint with the chairman of the workers' compensation commission.
The Connecticut Supreme Court in Ford v. Blue Cross 
Blue Shield of Connecticut Inc., 216 Conn. 40 (1990) follows federal law to determine the burden of proof requirements for a31-290a action. Ford, 216 Conn. at 53. The plaintiff must establish by the preponderance of the evidence a prima facie case of discrimination. Id., citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). "In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination." Ford, 216 Conn. at 53, citing Texas Department of Community Affairs v. Burdine, 450 U.S. 248,252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). A prima facie CT Page 7785 case of discrimination in employment practices has been defined as evidence showing a substantially disparate treatment of persons similarly situated. Board of Education v. Commission on Human Rights Opportunities, 176 Conn. 533, 537 (1979).
Conn. Gen. Stat. 31-284 (a) provides in pertinent part that "any employer. . .who provides accident and health insurance or life insurance coverage for any employee. . .shall provide to such employee equivalent insurance coverage. . .while the employee is eligible to receive or is receiving worker's compensation payments pursuant to this chapter. . . ." Thus, if an employer provided an employee with health insurance prior to the employee's incapacity for which he received worker's compensation payments, then the employee is entitled to the continuation of equivalent insurance while receiving those payments under Conn. Gen. Stat. 31-284b. Asselin, The Connecticut Workers' Compensation Practice Manual, 70 (1985) Conn. Gen. Stat. 31-284c provides the employee a remedy for any violation of the provisions of 31-284b by permitting an employee to file a complaint and receive a hearing with the workers' compensation commissioner. Either party may appeal an award of the commissioner under this section pursuant to Conn. Gen. Stat. 31-301.
The present plaintiff has not alleged sufficient facts to support a prima facie case of discrimination. The plaintiff has alleged that the defendant has discriminated against him by failing to provide equivalent insurance to which he is entitled pursuant to Conn. Gen. Stat. 31-284b. The plaintiff has not alleged any facts to show that he received substantially disparate treatment, in retaliation for filing a workers' compensation claim, from those other employees who had not filed such claims.
The plaintiff alleges also that as a result of the defendant's failure to provide equivalent health insurance, he has suffered injuries not compensated by insurance, incurred medical expenses which would have been covered under equivalent insurance, and foregone medical treatment because of his lack of insurance. The damages claimed by the plaintiff flow solely from the defendant's alleged failure to provide equivalent insurance pursuant to Conn. Gen. Stat. 31-284b, and not from any disparate treatment. Conn. Gen. Stat. 31-284c provides the appropriate remedy for any violation of Conn. Gen. Stat.31-284b, including the failure to continue to provide equivalent health insurance to an employee receiving workers' compensation benefits. The present plaintiff is afforded this remedy under the Workers' Compensation Act and may pursue this remedy by filing a complaint with the workers' compensation commissioner. CT Page 7786
The plaintiff has not alleged facts sufficient to constitute discrimination pursuant to Conn. Gen. Stat.31-290a. The plaintiff has merely alleged the failure of the defendant to continue to provide equivalent insurance for which the Workers' Compensation Act provides the appropriate remedy under Conn. Gen. Stat. 31-284c. Accordingly, the court grants the motion to strike count one upon the ground that it does not state a legally sufficient cause of action.
B. Intentional Infliction of Emotional Distress.
Connecticut courts have recognized the tort of intentional infliction of emotional distress. See Peytan v. Ellis, 200 Conn. 243, 253 (1986); Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 62 (Super.Ct. 1984).
 In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.
Petyan, 200 Conn. at 253, quoting Murray,40 Conn. Sup. at 62.
The plaintiff has not alleged facts sufficient to support a cause of action for intentional infliction of emotional distress. Specifically, the defendant correctly argues that the plaintiff's allegations in count two do not rise to the level of intent required to set forth a cause of action for intentional infliction of emotional distress. The plaintiff merely alleges that defendant knew or should have known that its conduct would result in lost medical care to the plaintiff and that this conduct was intentional. Revised Complaint, count two, paragraphs twenty-four and twenty-five.
No allegation exists in count two that the defendant had the intent to inflict emotional distress or that the defendant knew or should have known that such distress was a likely result of its conduct. CT Page 7787
Accordingly, the court grants the motion to strike as to count two upon the ground that the plaintiff has failed to allege a requisite element of the cause of action for intentional infliction of emotional distress.
Conclusion
The court grants the motion to strike the entire revised complaint upon the ground that it fails to state a cause of action upon which relief can be granted.
M. Hennessey, J.