[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Issue And Submission
Whether the defendant's motion to strike counts two, three, four, six, seven and eight of the plaintiffs' amended complaint should be granted.
Facts
By amended nineteen count complaint filed February 7, 1994, the plaintiff, Charles L. Wargat (C. Wargat), commenced this action against the defendants, New London Motors, Inc. (the defendant) and Shawmut Bank, N.A. (the Bank), seeking money damages in connection with the financing and sale of a car. On July 11, 1994, a motion was made that David Wargat be formally added as a party plaintiff. Said motion is hereby granted by the court. The plaintiffs allege the following facts.
On or about March 11, 1991, Brian Satar (Satar), a used car salesman employed by the defendant, contacted C. Wargat regarding the sale of a 1988 Mazda 626 to C. Wargat's son, David Wargat (D. Wargat). C. Wargat was intended to be a co-signer of the retail installment contract utilized in the sale of the car. Satar, however, made false, fraudulent and deceptive misrepresentations and falsely forged certain documents so as to purport to make C. Wargat the sole obligor on the retail installment contract.
Satar knew that D. Wargat had had credit problems and that he wanted to arrange financing to reestablish his personal credit. By means of his fraudulent misrepresentations and forgery, however, Satar falsely induced C. Wargat to believe CT Page 7730-A that the financing arrangements made would help to reestablish D. Wargat's credit. The plaintiffs seek damages as a result of the above conduct.
On March 14, 1994, the defendant filed a motion to strike counts two, three, four, six, seven and eight of the plaintiffs' amended complaint. The defendant has filed an accompanying memorandum of law.
On April 5, 1994, the plaintiffs filed a memorandum of law in opposition to the defendant's motion to strike.
Discussion
Pursuant to Practice Book § 152, a motion to strike may be brought to test the legal sufficiency of a pleading. Prattv. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). In ruling on a motion to strike, the court must construe the facts in a manner most favorable to the pleader. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "If facts provable in the pleading would support a cause of action, the motion to strike must be denied."Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 496, 605 A.2d 862 (1992).
Plaintiff C. Wargat alleges in count two of the amended complaint and plaintiff D. Wargat alleges in count six of the amended complaint that the defendant's conduct was extreme and outrageous and caused the plaintiffs to suffer severe emotional distress. The plaintiffs allege that the defendant through its agents and employees knew or should have know that emotional distress would be a likely result of its conduct.
The defendant argues that counts two and six of the plaintiff's amended complaint should be stricken on the ground that the allegations contained therein are insufficient to establish a claim for intentional infliction of emotional distress.
In order to establish a claim for intentional infliction of emotional distress, four elements must be alleged: (1) the defendant intended to inflict emotional distress, or knew or should have known that emotional distress was a likely result of his or her conduct; (2) the conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's CT Page 7730-B distress; and (4) the emotional distress sustained by the plaintiff was severe. Petyan v. Ellis, 200 Conn. 243, 253,510 A.2d 1337 (1986). All four elements must be pleaded in order to survive a motion to strike. Cecere v. LaBonne Epicure,6 CSCR 907 (September 3, 1991, Hennessey, J.). Whether an actor's conduct is sufficiently extreme and outrageous to impose liability is a question for the trier of fact. Brown v.Ellis, 40 Conn. Sup. 165, 167-168, 484 A.2d 944 (1984, McDonald, J.). The plaintiffs have alleged all four elements necessary to withstand a motion to strike. See Petyan v.Ellis, supra. Thus, the defendant's motion to strike counts two and six of the plaintiffs' amended complaint is hereby denied.
Plaintiff C. Wargat alleges in count three of the amended complaint and plaintiff D. Wargat alleges in count seven of the amended complaint that the defendant had a duty to exercise reasonable care to act in a manner that did not cause the plaintiffs unintentional harm. The plaintiffs further allege that the defendant was negligent in that the defendant and its agents should have realized that its conduct involved an unreasonable risk of causing the plaintiffs emotional distress, and from facts known should have realized that the distress, if caused, might result in bodily harm. Finally, the plaintiffs allege that the defendant's negligence caused the plaintiff's emotional distress.
The defendant argues that counts three and seven of the plaintiffs' amended complaint should be stricken on the ground that the allegations contained therein are insufficient to establish a claim for negligent infliction of emotional distress.
In order to sufficiently establish a claim for negligent infliction of emotional distress, the plaintiff must plead that the defendants knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it were caused, might result in illness or bodily harm. Buckman v. People Express, Inc., 205 Conn. 166,173, 530 A.2d 596 (1987). The plaintiffs have sufficiently alleged a cause of action for negligent infliction of emotional distress. See id. Thus, the defendant's motion to strike counts three and seven of the plaintiffs' amended complaint is hereby denied. CT Page 7730-C
Plaintiff C. Wargat alleges in count four and plaintiff D. Wargat alleges in count eight of the amended complaint as follows. On June 2, 1993, the Bank called C. Wargat regarding a late installment payment on the retail installment contract. C. Wargat requested from the Bank the forms purporting to constitute a purchase by C. Wargat. The plaintiffs received a copy of an "Application Statement" and a copy of the formerly blank retail installment contract. The plaintiffs allege that Satar induced C. Wargat to sign a blank retail installment contract upon the representation that C. Wargat would be listed only as a "co-buyer" of the car. Instead, the retail installment contract listed C. Wargat as the buyer and sole obligor. An agent, employee and/or person acting in concert with New London Motors, Inc. falsely made, altered or forged the retail installment contract and/or knowingly uttered it as true, in violation of General Statutes § 52-565.
The plaintiffs further allege that they had never before seeneen the "Application Statement" and that the letters and numbers "Charles L. Wargat 3-11-93" had been forged onto the "Application Statement." An agent, employee and/or person acting in concert with New London Motors, Inc. falsely made, altered or said "Application Statement" and/or knowingly uttered it as true, in violation of General Statutes § 52-565.
General Statutes § 52-565 provides as follows: "Any person who falsely makes, alters, forges or counterfeits any document or knowingly utters, alters, forges or counterfeits any document or knowingly utters, as true, any document falsely made, altered, forged or counterfeited shall pay double damages to any party injured thereby."
The defendant argues that counts four and eight of the plaintiffs' amended complaint should be stricken on the ground that General Statutes § 52-565 does not in and of itself provide a cause of action under which one may prosecute a complaint, but rather provides a remedy and thus belongs only in the prayer for relief.
The plaintiffs have properly alleged a cause of action under General Statutes § 52-565. Thus, the defendant's motion to strike counts four and eight of the plaintiffs' amended complaint is hereby denied. CT Page 7730-D
Hurley, J.