[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff in his memorandum in opposition to summary judgment concedes that the defendants are entitled to summary judgment as to Count II (invasion of privacy; there is no action in Connecticut for alienation of affection).
As to Count I, the plaintiff has submitted no fact which controverts CT Page 6627-A the defendants' affidavit regarding the alleged phone call or mailing of a poster. Indeed, the plaintiff does not address the phone call in his memorandum,. The plaintiff asserts in his memorandum:
 This action is based upon the admitted actions of the defendants in circulating posters. . . .
Insofar as the plaintiff's claim for intentional infliction of emotional distress is based on the alleged phone call or mailing of a poster, the plaintiff cannot prevail on the facts submitted to this court, which stand undisputed. NAACP v. Claiborne Hardware Co., 458 U.S. 886, 916. There are simply no facts presented to the court which support the allegation of an unlawful conspiracy or actions taken by the defendants.
Thus, the plaintiff is left with his intentional infliction of emotional distress action based on the public posting of the "JOHN OF THE WEEK" posters.
Without reaching the constitutional issues raised by the defendants, the plaintiff cannot prevail on his claim of intentional CT Page 6627-B infliction of emotional distress. The defendants posted truthful public information. As a matter of law, the conduct is not extreme nor outrageous. This is, at the outset, a question of law for the court. Mellaly v. Eastman Kodak Co., 4 Conn. Sup. 17, 20
(1991). The conduct here, public dissemination of truthful information, is not in any way similar to action found to be extreme and outrageous. See, Mellaly v. Eastman Kodak Co., supra; Petyan v. Ellis, 200 Conn. 243 (1986); Whelan v. Whelan,41 Conn. Sup. 519 (1981); Brown v. Ellis, 40 Conn. Sup. 165
(1984), Restatement (Second) of Torts, 46 com.f (1965).
The motion for summary judgment is granted.
Gordon, J.