[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike count four of the plaintiff's complaint on the ground that it fails to plead necessary facts in support of a cause of action for the intentional infliction of emotional distress; to strike count five on the ground that it fails to plead a recognized common law cause of action; to strike that portion of the plaintiff's prayer for relief seeking punitive damages on the ground that there is no statutory or common law basis for such relief.
On May 20, 1994, the plaintiff, Francis Diemond, filed a five count amended complaint for damages arising from his termination of employment.
In count one the plaintiff alleges the following. The plaintiff, a resident of Connecticut, was employed from on or about August 1979 until August 10, 1993, by the defendant, the American Red Cross, Blood Services, Connecticut Region with its main office in Farmington, Connecticut. At all times relevant, the defendant had in place a grievance procedure for employees documented in a Supervisors Personnel Manual which constituted an express or implied-in-fact contract between the plaintiff and defendant. The contract provided that employees would not be retaliated against, discriminated against and/or terminated by defendant for using the grievance procedure. The plaintiff filed a formal grievance on July 23, 1993, for the alleged harassment he was experiencing from his supervisor. The plaintiff further alleges that the defendant breached the contract when it failed to investigate such grievance and subsequently terminated the plaintiff's employment.
In count two the plaintiff alleges the following. On September 14, 1992, the defendant issued the plaintiff a performance appraisal which stated that a specific plan for the plaintiff's performance improvement would be formulated within the next thirty days. The statement in the plaintiff's performance appraisal, together with the aforementioned CT Page 210 Supervisor's Personnel Manual, constituted an express contract between the plaintiff and defendant. The plaintiff further alleges that the defendant's failure to formulate a performance plan, and defendant's termination of the plaintiff in violation of the Supervisor's Manual breached the express contract between the plaintiff and defendant.
In count three the plaintiff alleges that his performance appraisal, together with the Supervisor's Personnel Manual, constituted an implied-in-fact contract between him and the defendant, which was breached for the reasons mentioned above.
In count four the plaintiff alleges that by the defendant's failure to respond to his formal and informal grievances it intended to inflict severe emotional distress upon the plaintiff.
In count five the plaintiff alleges that for the reasons stated in the previous counts, the defendant breached its duty to the plaintiff and its employees not to treat them in a cruel and unusual manner.
On July 15, 1994, the defendant filed a motion to strike counts four and five and that portion of the prayer for relief seeking punitive damages.
As required by Practice Book § 155, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition.
The purpose of the motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The motion to strike "admits all facts well pleaded. . . . The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them. . . .; and if facts provable under the allegations would support a defense or cause of action, the [motion to strike] must fail." Id., 142.
COUNT FOUR — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
The defendant argues in its memorandum in support of its motion to strike that count four should be stricken on the ground that the conduct cited in the complaint does not rise to the level of extreme and outrageous conduct required for a CT Page 211 claim of intentional infliction of emotional distress.
In response, the plaintiff argues in his memorandum in opposition that because "[n]o complaint can include every bit of harassment endured by an employee over the years'", the defendant's motion to strike count four should be denied.
 "`In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.' . . . Liability for intentional infliction of emotional distress requires `conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.' . . . Thus, `[i]t is the intent to cause injury that is the gravamen of the tort'; . . ."
(Citations omitted) DeLaurentis v. New Haven, 220 Conn. 225,266-67, 597 A.2d 807 (1991); see also Connecticut Nat'l Bankv. Montanari, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, J.) ("Liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.").
"Whether conduct is extreme or outrageous is for the determination of the court in the first instance." Parsonsv. Sikorsky Aircraft Inc., Superior Court, judicial district CT Page 212 of Fairfield at Bridgeport, Docket No. 280394 (April 5, 1994, Ford, J.); see also Rosario v. Firine, 8 CSCR 874 (July 22, 1993, Gordon, J.), (Whether conduct is extreme or outrageous is, "at the outset, a question of law for the court".).
In the present case, the plaintiff alleges that the defendant's failure to respond adequately to his grievance constituted extreme and outrageous conduct with the intent to cause the plaintiff severe emotional distress.
The court finds that the plaintiff has failed to allege facts in count four that would, if proven, demonstrate extreme and outrageous conduct on the part of the defendant that goes "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable." Connecticut Nat'l Bank v.Montanari, supra. Accordingly, the motion to strike count two of the complaint is granted.
COUNT FIVE — NEGLIGENCE
The defendant argues in its memorandum that count five should be stricken on the ground that it fails to sufficiently allege a recognized common law cause of action, and even if the claim of negligence were recognized in the employment context, the plaintiff has failed to plead the existence of a duty properly owed to him.
In response, the plaintiff argues that because negligence in the employment context has existed in the case law for years based on the employer's duty not to treat employee's in a "cruel and unusual manner", the defendant's motion to strike count five should be denied. In support of his argument, the plaintiff cites D'Ulisse-Cuppo v. Board of Directors,202 Conn. 206, 520 A.2d 217 (1987).
"Recently courts have recognized expanded types of employment related torts such as wrongful discharge; Sheets v.Teddy's Frosted Foods, 179 Conn. 471, 427 A.2d 385 (1980); negligent misrepresentation; D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206,520 A.2d 217 (1987); negligent infliction of emotional distress;Collins v. Gulf Oil Corporation, 605 F. Sup. 1519 (D.Conn. 1985);Morris v. Hartford Courant Co., 200 Conn. 676, 681-82,513 A.2d 66 (1986); intentional infliction of emotional distress; Brown v. Ellis, 40 Conn. Sup. 165, 484 A.2d 944
CT Page 213 (1984); . . ." (Citations omitted.) Coste v. Riverside Motors,Inc., 24 Conn. App. 109, 112 n. 3, 585 A.2d 1263 (1991).
In D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, supra, the plaintiff, a nontenured teacher, brought a three count complaint against a school board for its failure to rehire her despite representations that she would receive a new employment contract. The second count alleged liability in tort because of alleged negligent misrepresentations that the plaintiff would be rehired; representations on which the plaintiff relied to her detriment. While recognizing liability for negligent misrepresentation in the employment context, the Court set forth the governing principles for such a cause of action as follows: "`One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" Id., 218; quoting Restatement (Second) of Torts § 552 (1979).
In the present case, the plaintiff has neither pleaded an allegation of detrimental reliance, nor for that matter, a general claim of negligent misrepresentation. The plaintiff has instead attempted to plead a cause of action in negligence based on an employer's duty not to act in a "cruel and unusual manner"; a cause of action for which neither the defendant nor the court can cite authority to support.
The plaintiff has failed to allege facts in count five that would, if proven, support a recognizable employment related tort. Accordingly, the defendant's motion to strike count five is granted.
PRAYER FOR RELIEF — PUNITIVE DAMAGES
The defendant argues that the portion of the plaintiff's prayer for relief seeking punitive damages, including costs and attorney's fees, was contained in the original revised complaint pursuant to an allegation of a violation of state law that provided such remedies. With the subsequent deletion of that count, the defendant argues that the plaintiff lacks any statutory or common law basis for this relief. CT Page 214
In response, the plaintiff argues only that since count four properly seeks punitive damages for the intentional infliction of emotional distress, the defendant's motion should be denied.
To justify punitive damages "the pleadings must show wanton or willful malicious conduct." Markey v. Santangelo,195 Conn. 76, 80, 485 A.2d 1305 (1985); see also Vandersluisv. Weil, 176 Conn. 353, 358, 407 A.2d 982 (1978) ("Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights."); Venturi v. Savitt, Inc.,191 Conn. 588, 592, 468 A.2d 933 (1983); (The "flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence.")
In the present case, no such showing has been made. Accordingly, the defendant's motion to strike that portion of the prayer for relief seeking punitive damages is granted.
Mary R. Hennessey, Judge