[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is an action claiming damages for intentional infliction of emotional distress by a former high school coach, whose coaching contract was not renewed by defendant Board of Education on August 14, 1996, because he admittedly used a "curse word" in a motivational talk to his team. On April 22, 1996, the plaintiff had been summoned to an interview with defendant superintendent where the incident was discussed and plaintiff was allegedly asked whether he had ever "slandered the Virgin Mary," which he denied.
Defendants' move to strike the complaint on the ground that the conduct of defendants described in the complaint did not rise to the level of "extreme or outrageous" conduct necessary to support a claim of intentional infliction of emotional distress. DeLaurentis v. New Haven,220 Conn. 225, 266-67 (1991); Payton v. Ellis, 200 Conn. 243, 254
(1986).
Plaintiff claims the question of whether the alleged conduct amounts to "extreme or outrageous" conduct is one for the trier of fact, but offers no authority for this claim of law except one Superior Court decision Mascia v.Faulkner, Superior Court, New Haven judicial district, Docket No. 399036, (Facasse, J., 1995). All other cases cited by him bear on a litigant's right to have the jury rather than the court determine issues of fact and do not contravene the obligation of the court to determine the legal sufficiency of the allegations of extreme or outrageous conduct.
This court has previously followed the prevailing view in our Superior Court that the determination of whether alleged conduct is sufficiently extreme or outrageous CT Page 398 resides in the first instance with the court. Randall v.Halloran Sage, et al., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 532629 (Wagner J.) (February 14, 1995); Parsons v. SikorskyAircraft, Inc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 280394 (Ford J.) (April 5, 1994); Rosario v. Firine, 9 CONN. L. RPTR. 447,8 CSCR 874 (Gordon, J.) (July 22, 1993).
Because of the history of this tort and its relatively recent viability in Connecticut, this court continues to adhere to the prevailing view that whether alleged conduct is sufficiently extreme or outrageous is for the determination of the court in the first instance.
In the context of the defendant Board's non-renewal of the coaching contract, the inquiry about slander, as unjustified as it may have been, and the Board's basing its non-renewal on the admitted use of a curse word to a high school teen does not amount to the extreme or outrageous conduct required as an element of the tort of intentional infliction of emotional distress.
Since the complaint is insufficient as a matter of law, the motion to strike is granted.
WAGNER, J. CT Page 399