[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 101)
On September 1, 1998, the plaintiff, Ana Martins, filed a four-count complaint against the defendant, Bridgeport Hospital. This action arises out of the termination by the defendant of the plaintiff s employment.
The plaintiff alleges that she was employed by the defendant for a period of approximately fifteen years. The plaintiff further alleges that on March 1, 1996, she was terminated by the defendant. Count one sounds in breach of contract and bad faith. Count two sounds in breach of the implied covenant of good faith and fair dealing. Counts three and four sound in intentional and negligent infliction of emotional distress respectively. On September 18, 1998, the defendant moved to strike counts three and four of the complaint
The defendant moves to strike count three on the ground that the plaintiffs claim of intentional infliction of emotional distress fails to sufficiently allege extreme and outrageous conduct. The defendant argues that the plaintiff simply alleges that when she reported to work, she was told by a supervisor to go home because the supervisor did not want to put her through any more training. In opposing the motion to strike, the plaintiff argues that the defendant transferred her to another CT Page 2662 position without providing proper training and without allowing the plaintiff sufficient time to learn the position.
In order to plead a cause of action for intentional infliction of emotional distress, the plaintiff must establish four elements: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendants conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." DeLaurentis v.New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991)
Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. Id., 267. The determination of whether alleged conduct is sufficiently extreme or outrageous resides in the first instance with the court.Lefevre v. McDowell, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 573396 (January 16, 1998, Wagner, J.) (21 Conn. L. Rptr. 331). Only where reasonable minds can differ does it become a question of fact for the jury.Zamfino v. Pace Motor Lines, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 323111 (May 28, 1997,Melville, J.).
A review of recent Connecticut decisions on the issue of extreme and outrageous conduct within the context of a claim for intentional infliction of emotional distress reveals that there is no bright line rule to determine what constitutes extreme and outrageous conduct sufficient to maintain an action. The court looks to the specific facts and circumstances of each case in making its decision. Those cases in the employment context that have granted motions to strike because the allegations do not sufficiently describe `extreme and outrageous' behavior are more often those that allege something more than that the plaintiff was terminated without just cause. Nwachukwu v. State Departmentof Labor, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 573595 (March 4, 1998, Hennessey,
J.).
In Jeffress v. Yale University, Superior Court, judicial district of New Haven at New Haven, Docket No. 386866 (August 28, 1997, Silbert, J.), the court found that "[t]he plaintiffs CT Page 2663 allegations that his duties and responsibilities were reduced; that he was denied the assistance of a work-study student; that he was given contradictory and inconsistent instructions; that he was criticized for the length of time it took to do some projects; that he was denounced for failing to meet job expectations; that he was told that he was `not a good fit' as an administrator for Yale University; that he was told that he should leave his position; and that he was subjected to `a continuous pattern of harassment, humiliation and degradation' fall far short of the requisite level of extreme and outrageous conduct necessary to state a viable claim of intentional infliction of emotional distress." (Internal quotation marks omitted.) Id.; see also Zamfino v. Pace Motor Lines, supra, Superior Court, Docket No. 323111 (granting motion to strike where court found that plaintiffs allegations regarding defendants refusal to recognize a work-related injury, refusal to allow plaintiff to fill out accident report or seek medical attention and pretextual reasons for discharge would not amount to extreme or outrageous conduct)
Here, the plaintiff has alleged that: (1) starting in 1991, she was subjected to serious verbal and physical attacks while working for her employer; (2) only four weeks after being hired for the position of Business Associate with the Emergency Department, the plaintiff was told that she was failing to satisfactorily perform according to company standards, which standards were nonexistent; (3) after being called with approximately one hours notice to take an employment test, which she passed, the defendant nevertheless failed to offer the position to the plaintiff; and (4) although she had been receiving benefits for the past fourteen years while working for the defendant, the defendant offered her temporary positions without benefits.
The plaintiff's allegations are akin to a claim that the plaintiff was terminated without just cause. The allegations do not rise to the level of "outrageous" actions such that reasonable people could differ as to whether the defendants conduct rises to the level of extreme and outrageous conduct. SeeJeffress v. Yale University, supra, Superior Court, Docket No. 386866; Zamfino v. Pace Motor Lines, supra, Superior Court, Docket No. 323111. Consequently, defendants motion to strike count three should be granted.
The defendant moves to strike count four on the ground that CT Page 2664 the plaintiff has failed to allege misconduct that goes beyond all boundaries of civilized behavior. The defendant argues that the plaintiff's allegations of the inadequacy of her training fail to rise to the level of conduct necessary to satisfy a claim for negligent infliction of emotional distress. In opposing the motion to strike, the plaintiff argues that the defendant not only breached its employment contract with her, but also failed to provide her with a ninety day probationary time period for her new position. The plaintiff further argues that the defendant only contacted the plaintiff for positions for which it knew the plaintiff would not qualify. Similar to intentional infliction, negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process. The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior. Id. Such a claim must be accompanied by additional allegations of unreasonable conduct which occurred during the termination process or at the time of discharge. Centiv. Lexington Health Care Center, supra, Superior Court, Docket No. 383535. Moreover, "a complaint must allege more, for instance, that the actual termination was . . . done in an inconsiderate, humiliating, or embarrassing manner." (Internal quotation marks omitted.) Bombard v. Industry Riggers, Superior Court, judicial district of Waterbury, Docket No. 140181 (January 5, 1998, Pellegrino, J.)
In Pavliscak v. Bridgeport Hospital, 48 Conn. App. 580, 598, A.2d ___ (1998), the court found that there was no evidence that the defendant humiliated the plaintiff publicly. In Pavliscak,
the plaintiff was told in a private meeting with her supervisors that she was being terminated effective immediately. Id. The court further stated that "[w]hile there was undoubtedly some indignity involved with being involuntarily terminated, we cannot say that this rises to the level of unreasonable conduct that would justify liability based on negligent infliction of emotional distress." Id.
Here, the plaintiff has alleged in addition to wrongful termination, that: (1) the defendant, without the plaintiffs request or permission, put the plaintiff on temporary leave for ninety days and wrongfully signed the plaintiffs name without her permission on the leave request form; (2) the defendant only CT Page 2665 contacted the plaintiff for positions for which it knew the plaintiff would not qualify; and (3) the defendant failed to follow its policy and procedures manual providing that "(if) poor performance is the result of a mismatch of a person, every effort will be made to find a more suitable position." (Complaint, Count 1, 6 20)
The plaintiff relies on Centi v. Lexington Health CareCenter, supra, Superior Court, Docket No. 383535. In Centi v.Lexington Health Care Center, the plaintiff alleged, in addition to wrongful discharge, that one of the defendants employees: (1) told other department heads, prior to informing the plaintiff herself, that her performance was inadequate and that she would be given notice of termination; (2) told her that he would set unreasonable goals that she would be unable to ever meet; and (3) delivered the termination notice to her house on a Sunday. The court held that "[t]hese allegations are sufficient to support a claim that the defendants acted unreasonably, with a risk of causing emotional distress." Id.
This court, however, respectfully disagrees with the conclusion reached by the court in Centi v. Lexington Health CareCenter. Although plaintiff alleges that she was subjected to verbal and physical abuse from co-employees while working for her employer, there is no allegation that the employer prompted such actions nor is such a conclusion necessarily to be inferred from the facts alleged. Furthermore, the plaintiff fails to allege that any of the wrongful acts of the employer were performed in the presence of fellow employees or other persons, thus subjecting her to public ridicule or humiliation. See Skierkowskiv. Creative Graphics Services, Inc., Superior Court, JDHartford/New Britain, Docket No. 463242 (May 5, 1995, Handy, J.
The plaintiffs allegations may well constitute a wrongful discharge, but fall short of the level of unreasonable conduct which will typically support a negligence infliction cause of action. Pavliscak v. Bridgeport Hospital, supra. Accordingly, defendants motion to strike the fourth count should be granted.
Based on the foregoing, the defendants motions to strike counts three and four are hereby GRANTED.
MELVILLE, J.