## EDWILL BROWN *v.* ROBERT R. ELLIS

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 073615
NEW LONDON

Memorandum filed July 18, 1984

*Ralph Bergman,* for the plaintiff.
*Wesley W. Horton,* for the defendant.

F. McDONALD, J. This is an action by an employee of General Dynamics against his supervisor for the inten-

tional infliction of emotional distress. The plaintiff claims to have been employed as a photographer by the Electric Boat Division of General Dynamics for twenty-three years. In his complaint, he alleges that he suffers from a fear of heights, a disability all other employees of the photography department were aware of and, although not contractually excluded from participating in work assignments involving photography at such heights, the plaintiff's previous supervisors accommodated his disability by declining to assign him such work. The defendant, the plaintiff's present supervisor in the photography department, although allegedly aware of his fear of heights, assigned the plaintiff to work involving photography at such heights.

The plaintiff alleges that he declined the assignment, citing his disability, whereupon the defendant demanded that he perform the work or be forcibly removed from the work site. The plaintiff did not ultimately perform the work but alleges that the defendant's conduct caused him severe emotional distress and anxiety necessitating hospitalization.

The defendant has moved for summary judgment on two grounds: (1) that the plaintiff's complaint fails to state a cause of action for intentional infliction of emotional distress; and (2) that the plaintiff has failed to exhaust his contractual remedies through the collective bargaining agreement.

Summary judgment will be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Bartha* v. *Waterbury House Wrecking Co.*, 190 Conn. 8, 11, 459 A.2d 115 (1983). The burden is imposed upon the moving party who " 'must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the

existence of any genuine issue of material fact.' "
*Yanow* v. *Teal Industries, Inc.*, 178 Conn. 262, 268, 422
A.2d 311 (1979); *Strada* v. *Connecticut Newspapers,
Inc.*, 193 Conn. 313, 317, 477 A.2d 1005 (1984).

## I

Because the parties dispute the intentional nature of
the tort alleged, an issue of material fact exists justify-
ing denial of the motion. The defendant, however,
argues that, even if his conduct was intentional, it does
not amount to the extreme and outrageous conduct
required of this cause of action.

Extreme and outrageous conduct is an essential ele-
ment in the tort of intentional infliction of emotional
distress. See 1 Restatement (Second), Torts § 46. Mere
insults, indignities, or annoyances that are not extreme
or outrageous will not suffice. Id., comment e. Such
conduct may, however, give rise to a cause of action
where the defendant is aware of the peculiar sensitivi-
ties of the plaintiff. "The extreme and outrageous char-
acter of the conduct may arise from the actor's
knowledge that the other is peculiarly susceptible to
emotional distress, by reason of some physical or men-
tal condition or peculiarity. The conduct may become
heartless, flagrant, and outrageous when the actor pro-
ceeds in the face of such knowledge, where it would
not be so if he did not know." Id., comment f; see also
Prosser, Torts (4th Ed.) § 12, p. 58.

The plaintiff has alleged, in his complaint and by affi-
davit, that the defendant knew of his disability prior
to ordering him to perform the work assignment. For
the purpose of summary judgment, such a fact must
be viewed as true. *Strada* v. *Connecticut Newspapers,
Inc.*, supra, 317. The defendant's conduct, therefore,
as alleged by the plaintiff, rises to the level necessary
for this cause of action. The question of whether an
actor's conduct is sufficiently extreme and outrageous

to impose liability is one for the jury to decide. "Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." 1 Restatement (Second), Torts § 46, comment h; see also *Boyle* v. *Wenk*, 392 N.E.2d 1053, 1056–57 (Mass. 1979); *LaBrier* v. *Anheuser Ford, Inc.*, 612 S.W.2d 790, 794 (Mo. App. 1981); *Contreras* v. *Crown Zellerbach Corporation*, 88 Wash. 2d 735, 743–44, 565 P.2d 1173 (1977) (Stafford, J., concurring).

The defendant next argues that his conduct is privileged due to the employment setting and that, therefore, the plaintiff's cause of action cannot be maintained. "The conduct, although it would otherwise be extreme and outrageous, may be privileged under the circumstances. The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." 1 Restatement, supra, comment g.

While this privilege may be applicable if it is proven that the defendant did nothing more than request the plaintiff to perform the specified work assignment, the allegations of the complaint as well as the plaintiff's affidavit raise an issue as to whether the defendant did "no more than insist upon his legal rights in a *permissible way*." (Emphasis added.) Id. Summary judgment is, in view of the alleged past conduct of the plaintiff's past supervisors, an inappropriate method of resolving this factual issue.

## II

The second ground of the defendant's motion is based on the plaintiff's failure to exhaust his contractual grievance remedies under the collective bargaining

agreement. The defendant characterizes this action as a workplace dispute falling within the grievance procedures of the employee's union contract.

While federal labor policy favoring resort to contractual grievance procedures is strong; *Republic Steel* v. *Maddox*, 379 U.S. 650, 653, 85 S. Ct. 614, 13 L. Ed. 2d 580 (1964); the plaintiff here is not seeking an adjudication of his contract rights but money damages for injuries he allegedly sustained as a result of the wilful misconduct of a fellow employee.

Under principles of agency law, an agent may be individually liable for torts committed by him, even though the agent contends that such acts were committed on behalf of the principal. *Deaktor* v. *Fox Grocery Co.*, 332 F. Sup. 536, 542 (W.D. Pa. 1971), aff'd, 475 F.2d 1112 (3d Cir. 1973). Moreover, a party harmed through an agent's tortious acts can look for reparation from the agent only and need not proceed against the principal. *Carr* v. *Barnett*, 580 S.W.2d 237 (Ky. App. 1979).

The defendant contends that this action falls within the contract definition of "grievance" and must, therefore, be adjudicated under the contract in the first instance. "There is no question that, in general, an individual employee wishing to resort to the courts must have attempted to resort to and have exhausted, as far as is possible, the grievance procedures established by the collective bargaining agreement, including arbitration where the agreement so provides." *Cislo* v. *Shelton*, 35 Conn. Sup. 645, 653, 405 A.2d 84 (1978). Intentional torts by fellow employees are not, however, the type of "grievance" contemplated by a union contract nor are such wrongs susceptible to adjudication and relief by way of the grievance process. Indeed, the General Assembly has recognized this in a similar context by permitting an action at law against a fellow

employee for wilful or malicious conduct as an exception to the Workers' Compensation Act. General Statutes § 31-293a; see also General Statutes § 31-293.

While employees are generally precluded from bringing a grievance to court in the first instance by simply characterizing a case as one in "tort" rather than "contract," this case goes far beyond the common labor dispute. The cases cited by the defendant generally involve a wrongful discharge claim disguised as a cause of action for emotional distress. See *Morris* v. *Owens-Illinois, Inc.,* 544 F. Sup. 752, 757 (S.D.W.Va. 1982); *Dinger* v. *Anchor Motor Freight, Inc.,* 501 F. Sup. 64, 71–72 (S.D.N.Y. 1980). Moreover, the claims for emotional distress in the cited cases were brought against the employer after discharge occurred rather than against a fellow employee. The parties in these cases were clearly attempting to bypass the collective bargaining agreement to seek judicial enforcement of contractual rights.

Furthermore, the term, "grievance" as defined in the contract is restricted to dissatisfaction and complaint with classification, wages, hours or other conditions of employment. Section 7 of the grievance procedure also requires that if the solution of the grievance involves a monetary settlement "the settlement will not involve any period prior to twenty (20) working days from the date of the written grievance." The arbitrators are empowered to formulate a remedy for a violation of the contract but not to alter or change the terms of the contract. It is thus clear that grievance procedures do not contemplate an award of monetary damages for tortious conduct.

The plaintiff is not required to follow the contractual grievance procedures before bringing this tort action for money damages.

The defendant's motion for summary judgment is, accordingly, denied.