[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#167) AND OBJECTION TO MOTION FOR SUMMARY JUDGMENT (#168)
The instant action involves a claim of wrongful discharge and intentional infliction of emotional distress.
This matter was the subject of an earlier Motion for Summary Judgment which was decided by Cretella, J. (Memorandum of Decision #156).
The defendant now moves for reconsideration of its earlier Motion for Summary Judgment in part because the court did not specifically address its claim relative to the Second Count of the Complaint (Intentional infliction of emotional distress).
The defendant's position in substance is that said count does not furnish a basis of recovery as a matter of law and hence it is entitled to judgment in its favor on this issue.
Summary judgment is a fact oriented procedural vehicle.
Summary judgment is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. United Oil Co. v. Urban Redevelopment Comm.,158 Conn. 369 (1969). The moving party bears the burden of showing the non-existence of any disputed issue of material fact. Zapata v. Burns, 207 Conn. 496, 502 (1988). The test for granting the motion is whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority,213 Conn. 354, 364 (1990). There must be evidence which a jury would not be at liberty to disbelieve. Batick v. Seymour, 186 Conn. 632, CT Page 4009 641 (1982). A material fact is one that will make a difference in the case. Catz v. Rubenstein, 201 Conn. 39, 48
(1987).
Summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of . . . subjective feelings and reactions. Batick v. Seymour, 186 Conn. 632, 647 (1982). "The question of whether an actor's conduct is sufficiently extreme and outrageous to impose liability is for the jury to decide." Brown v. Ellis, 40 Conn. Sup. 165,167-8 (1984). (Defendant's motion for summary judgment on an emotional distress claim denied).
The questions of whether the plaintiff's emotional distress was severe, and whether the defendant's conduct was extreme and outrageous are genuine issues of material fact.
Motion for Summary Judgment is denied. Objection to Motion for Summary Judgment is sustained.
John C. Flanagan, Judge.