[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff brings this action on the expressed grounds of infliction of emotional distress. It is brought in two counts, the first in intentional infliction of emotional distress and the second by reckless conduct. The factual basis alleged that the plaintiff, while employed by a business in which the defendant had a partnership interest, was seduced both physically and emotionally by him. By reason of the seduction and the promise of the defendant to divorce his wife and marry the plaintiff, she left her husband and has suffered emotional CT Page 687 distress. The plaintiff alleged that the conduct of the defendant, having knowledge of the past medical history of the plaintiff including hospitalization and treatment for mental or emotional disorders, had intended to cause her emotional distress or alternatively he was reckless in that he knew or should have known that mental distress would be the result of his conduct.
The defendant has moved to strike on the ground that the two counts fail to state a claim upon which relief can be granted. The defendant argues that the plaintiff (1) failed to allege extreme and outrageous conduct which is an essential element of Infliction of Emotional Distress and (2) the claims are no more than claims of Alienation of Affection or Breach of Promise to Marry which are barred by Gen. Stat. 52-572 (b).
 I.
The tort of infliction of emotional distress must contain the element of extreme and outrageous conduct which may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity. The conduct becomes heartless, flagrant and outrageous when the actor proceeds in the face of such knowledge, where it would not be so if he did not know. Brown v. Ellis, 40 Conn. Sup. 165. 167. In the present complaint the plaintiff has alleged the knowledge of the defendant concerning her past treatment and hospitalization for mental and emotional disorders, and made false representation of marriage, upon the reliance of which, he knew or should have known would cause her emotional distress. Whether the defendant's conduct was extreme or outrageous is a question of fact. Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 62.
 II.
Although actions arising from alienation of affection or from breach of promise to marry are barred by Gen. Stat.52-572 (b), the statute does not preclude an action for return of things given in reliance of false and fraudulent representation nor affect rights and duties determinable by common law principles. Piccininni v. Hajus, 180 Conn. 369, 372. The purpose of the statute was to prevent the recovery of damages based upon contused feelings, sentimental bruises, blighted affections, wounded pride, mental anguish and social humiliation; for impairment of health, for expenditures made in anticipation of the wedding, for the deprivation of other opportunities to marry and for the loss of the pecuniary and social advantages which the marriage offered. Id. 373. CT Page 688
In considering a motion to strike the facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,472. The issue becomes the familiar common-law problem of deciding where and how to draw the line between claims that genuinely involve an actionable claim and those that contain an ordinary breach of promise to marry which is barred by statute. Id. 477. As pleaded, this complaint contains a cause of action not barred by the statute.
For the above reasons, the motion to strike is denied.
CORRIGAN, JUDGE