[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OF MOTION TO DISMISS BY DEFENDANTS DURAN AND EBERLE
The plaintiff, Antonette Coiro, filed suit against Doreen Duran, the principal at the school where the plaintiff worked as a teacher, and against the Bloomfield Board of Education, for damages arising from the circumstances that led to her forced early retirement. The plaintiff served process upon Mary Eberle, chairperson of the Board.
The plaintiff's four-count amended complaint asserts claims for: intentional infliction of emotional distress, negligent infliction of emotional distress, slander and constructive wrongful discharge. Briefly, the plaintiff alleges that she was forced to retire earlier than she had planned to because the defendant Duran "initiated a systematic campaign of harassment" by entering the plaintiff's classroom almost daily during a two-year period to observe the plaintiff's teaching performance. The plaintiff also alleges that at a staff meeting of all fourth-grade teachers, Duran accused the plaintiff "of having a bad and unprofessional attitude" and "of being professionally incompetent to control and discipline her own class." The plaintiff further alleges that she was terminated in violation of General Statutes31-51q in that she was terminated for exercising her free speech rights at the above-mentioned staff meeting.
This court granted the defendant Board's motion to dismiss on August 22, 1991, but did not address the merits of the motion as to Duran and Eberle because they had failed to support the motion with admissible evidence.
Defendants Duran and Eberle having filed the relevant collective bargaining arguments now reassert their motion to dismiss.
In support of their motion to dismiss, the defendants argue that the court lacks subject matter jurisdiction over the plaintiff's claim because she failed to exhaust grievance procedures available to her under the applicable collective CT Page 3639 bargaining agreement. The defendants have filed an affidavit by Eberle attesting to the authenticity of the collective bargaining agreements covering the time period in dispute. The plaintiff argues that her tort claims do not fall within the ambit of the collective bargaining agreement and are therefore properly before the court.
"Failure to exhaust available grievance and arbitration remedies implicates the court's subject matter jurisdiction." Kolenberg v. Board of Education, 206 Conn. 113, 122 n. 5,536 A.2d 145, cert. denied, 487 U.S. 1236 (1988). "We have held that, `as a matter of state law, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court.'" Id., 123, quoting School Administrators Assn. v. Dow, 200 Conn. 376, 382, 511 A.2d 1012
(1986).
The collective bargaining agreement defines a grievance as "a dispute involving the interpretation or application of a specific section of this agreement or over the interpretation or application of a specific provision of any Board policy that relates to salaries or other conditions of employment, or over any action taken or refused by Administrative personnel which an employee believes unfair to the employee." The agreement sets forth a five-step grievance procedure, involving an initial informal procedure and then four levels of formal procedure. If the complainant is not satisfied with the result at any level of the process, he or she advances to the next level. The final step is arbitration, and the arbitration decision may then be appealed to superior court. See General Statutes 52-417, 52-418. The plaintiff's allegations admit that she and the defendants had a meeting pursuant to the first level of formal arbitration on or about June 13, 1989.
In opposing the motion to dismiss, plaintiff relies on several cases, one a superior court decision. In Brown v. Ellis, 40 Conn. Sup. 165, 484 A.2d 944 (1984), the court allowed the plaintiff's tort claim to stand even though a collective bargaining agreement existed because the plaintiff sued the employer based on an agency theory for the intentional torts committed upon him by a fellow employee. "Intentional torts by fellow employees are not, however, the type of `grievance' contemplated by a union contract nor are such wrongs susceptible to adjudication and relief by way of the grievance process." Id., 169. In the instant case, the plaintiff sues school administrators, the parties with whom the union contracted on behalf of the plaintiff; and we distinguish Brown from the facts of this case. CT Page 3640
The plaintiff also cites two federal cases, including Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399
(1988), but, these cases involve the preemption of federal labor law over state law tort claims. In the present case it is clear that plaintiff's claims arise directly from the relationship protected by the collective bargaining agreement, and she was bound to exhaust her administrative remedies, through the grievance procedure provided, before this court could assume jurisdiction over her claim.
The motion to dismiss is granted.
WAGNER, J.