[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants filed its' motion for summary judgment seeking judgment as matter of law with respect to counts one, three, four, and five of the plaintiff's complaint.
The defendants' motion for summary judgment as to count one is denied because there remain genuine issues of material fact as to the notice given to the plaintiff, as to the nature of the meeting held on July 14, 1995 and as to the conduct of the parties at said meeting.
The defendants' motion for summary judgment directed at count three is denied because the issue of whether the defendants' conduct was sufficiently extreme and outrageous to impose liability is a question for the trier of fact. Brown v. Ellis,40 Conn. Sup. 165, 167-68, 484 A.2d 944 (1984).
The defendants' motion for summary judgment directed at count four is denied because an employer does have an obligation to investigate alleged misconduct where the employment relationship is alleged to be more than an at-will relationship. Rood v.Canteen Corp., Superior Court, judicial district of Tolland, CT Page 4570 Docket No. 058263 (September 19, 1996, Potter, J.).
The defendants' motion for summary judgment directed at count five is denied because the intent of the defendants in this matter is an issue for the jury. Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 111, 639 A.2d 507 (1994); Picataggio v.Romeo, 36 Conn. App. 791, 794, 654 A.2d 382 (1995); Reynolds v.Chrysler First Commercial Corp., 40 Conn. App. 725, 731,673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996).
Accordingly, the defendants' motion for summary judgment is denied.
Martin, J.