[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #124
The plaintiff, Alice Williams, filed a two-count amended complaint against the defendants, Mark Laser, M.D. and Bridgeport Hospital on January 19, 1996. The plaintiff alleges that on February 14, 1994, she was admitted to Bridgeport Hospital to give birth to her first child. While Laser was attending to the plaintiff, he allegedly made a crude comment to her regarding the pre-birth procedure he was performing.[1] The plaintiff has brought causes of action for negligent infliction of emotional distress in count one against both of the defendants, and intentional infliction of emotional distress against Laser in count two. CT Page 9490
On May 6, 1998, the defendants filed a motion for summary judgment on the ground that the plaintiff has failed to allege causes of action for either intentional or negligent infliction of emotional distress. The plaintiff filed an objection on May 29, 1998. The matter was heard by the court on July 14, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . . (Internal quotation marks omitted.)Maffucci v. Royal Park Limited Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998).
 A. Intentional Infliction of Emotional Distress
The defendants argue that the alleged comments made by Laser were not extreme and outrageous as a matter of law, because language that is rude or insulting does not rise to such a level. The plaintiff argues that given the circumstances under which the alleged comment was made, the comment constituted extreme and outrageous conduct.
"In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks CT Page 9491 omitted.) DeLaurentis v. New Haven, 220 Conn. 225, 266-67,597 A.2d 807 (1991). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) Id., 267. "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy [the extreme and outrageous] elements is a question, in the first instance, for this court."Biro v. Hirsch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 314442 (February 5, 1998, Skolnick, J.). "Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability. 1 Restatement (Second), Torts § 46, comment h. . . ." (Citations omitted; internal quotation marks omitted.) Talit v. Peterson, 44 Conn. Sup. 490, 498,692 A.2d 1322 (1995).
Whether the alleged comments made by Laser constitute extreme and outrageous behavior depends upon the circumstances under which the comments were made. "The extreme and outrageous character of the conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity. The conduct may become heartless, flagrant, and outrageous when the actor proceeds in the face of such knowledge, where it would not be so if he did not know." Brown v. Ellis, 40 Conn. Sup. 165,167, 484 A.2d 944 (1984), citing 1 Restatement (Second), Torts § 46, comment (f).
Here, the plaintiff has testified that she asked Laser to explain what pre-birth procedure[2] he was performing, because this was her first birth and she was scared. (Objection To Motion For Summary Judgment, Deposition of Alice Williams, p. 21). Laser testified that he remembered the plaintiff as being very frightened. (Objection To Motion For Summary Judgment, Deposition of Mark Laser, M.D., pp. 19, 26). At this time, only the plaintiff, Laser, and Annie Holly, who was assisting Laser, were in the room. (Objection To Motion For Summary Judgment, Deposition of Alice Williams, p. 22). These were the circumstances under which the alleged comments were made by Laser directly to the plaintiff. (Objection To Motion For Summary Judgment, Deposition of Annie Holly, p. 16). Reasonable minds may differ on whether the alleged comments, made under these CT Page 9492 circumstances, were extreme and outrageous. Cf. Johnson v. Martin, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 557415 (June 11, 1996, Sheldon, J.) (reasonable jury could find that sending taunting Christmas card to inmate by local police department was extreme and outrageous under the circumstances). Accordingly, the defendants' motion for summary judgment as to count one of the amended complaint is denied.
 B. Negligent Infliction of Emotional Distress
The defendants also argue that it is not possible to conclude that Laser knew or should have known that the alleged comments would expose the plaintiff to severe emotional distress. "It is a question of fact for the jury to decide whether [the defendant] comported himself as a `reasonable person' knowing what he knew or should have known." Champagne v. Raybestos-Manhattan. Inc.,212 Conn. 509, 550-51, 562 A.2d 1100 (1989). "The making of such a determination on a motion for summary judgment is an inappropriate invasion of the province of the jury in all but the most unusual cases. . . ." Robidoux v. Puritan Furniture Mart, Inc.,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 399996 (August 5, 1994, Sheldon, J.). Accordingly, the defendants' motion for summary judgment as to the second count of the amended complaint is denied.
STODOLINK, J.