[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE:
CT Page 6413 MOTION FOR SUMMARY JUDGMENT #130
On September 8, 1998, the plaintiffs, Ijeoma and Ikechukwu Umeugo, P/P/A CeCrystal Umeugo (hereinafter collectively referred to as "the plaintiffs") brought a six-count amended complaint against Joseph and Linda Czajkowski, P/P/A Matthew Czajkowski and Gary and Carol Merlone, P/P/A Tara Merlone (the Merlone family will be collectively referred to as "the defendants") In the amended complaint, the plaintiffs allege that the minor plaintiff CeCrystal Umeugo's constitutional rights were violated as a result of continuing harassment by Matthew Czajkowski and Tara Merlone. Specifically, the plaintiffs allege that the minor plaintiff was repeatedly called derogatory names by Matthew Czajkowski at the urging of Tara Merlone and was also, on one occasion, assaulted by Matthew Czajkowski. Based on these allegations, the plaintiffs sets forth causes of action based on violations of General Statutes §§ 53a-181(a) (b), 53-181b, 53(a)-182 and 42 U.S.C. § 1985(3) (the first and fourth counts); civil assault (the second and fifth counts) and intentional infliction of emotional distress (the third and sixth counts).
On March 8, 1999, the defendants, Gary and Carol Merlone, P/P/A Tara Merlone, filed a motion for summary judgment as to the fourth, fifth and sixth counts. As to the fourth count, the defendants moved for summary judgment on the ground that 1) the acts alleged do not constitute a violation of General Statutes §§ 53a-181, 53-181b and 53-182 and 2) the defendants Carol and Gary Merlone were not present at the time of the alleged acts and therefore cannot be liable to the plaintiffs except through General Statutes § 52-572. As to the fifth count, the defendants argue that they are entitled to summary judgment on the ground that the plaintiffs have failed to allege any basis for liability as to Tara Merlone. As to the sixth count, the defendants move for summary judgment on the ground that the plaintiffs have failed to allege that any acts committed by the defendants are actionable as having caused the plaintiffs any damage.
The plaintiffs object to the motion for summary judgment and maintain that they have raised genuine issues of material fact that cannot be decided on the present motion. CT Page 6414
"The standards governing . . . a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, ___ A.2d ___ (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
In the fourth count, the plaintiffs allege that the verbal abuse of the minor plaintiff by Matthew Czajkowski, as well the assault of the minor plaintiff by Matthew Czajkowski, violated CeCrystal Umeugo's constitutional and civil rights to be free from racial harassment pursuant to 42 U.S.C. § 1985 (3) (conspiracy to interfere with civil rights) as well as General Statutes §§ 53a-181(a) (b) (breach of peace), 53a-181b
(intimidation based on bigotry or bias) and 53a-182 (disorderly conduct). The plaintiffs further allege that Tara Merlone encouraged Matthew Czajkowski to act in the alleged fashion and that the Merlone parents are vicariously responsible for the actions of their daughter pursuant to § 52-572.
The defendants argue that the acts alleged by the plaintiffs, even if true, do not violate any of the statutes alleged, and thus they are entitled to summary judgment on this count. Without addressing the applicability of each alleged statute separately, this court notes that, pursuant to § 52-571c,[1] a private cause of action exists for 53a-181b. According to the pertinent part of the latter statute, "a person is guilty of intimidation based on bigotry or bias if such person maliciously, and with specific intent to intimidate or harass another person because of such other person's race . . . (1) Causes physical contact with such other person . . ."
According to the complaint, Matthew Czajkowski used racial slurs toward CeCrystal Umeugo and then, on one occasion, CT Page 6415 assaulted the minor plaintiff by striking her in the head. Whether such actions were committed with the specific intent to intimidate or harass another person because of that person's race is a question of fact. Similarly, there appears to be a question of fact as to the role played by the defendant Tara Merlone in the alleged assault on the minor plaintiff.
The evidence submitted by the parties in support and in opposition to the motion for summary judgment shows that Tara Merlone was not physically involved with the alleged assault on the minor plaintiff. Rather, it is undisputed that it was actually Matthew Czajkowski who struck CeCrystal Umeugo. The plaintiffs' complaint, as well as affidavits offered by them, however, state that Tara Merlone repeatedly encourage Matthew Czajkowski and "egged" him on in his actions. The affidavit of CeCrystal Umeugo, for instance, states that Matthew Czajkowski struck the minor plaintiff "after talking with the defendant Tara Merlone" who then was "laughing and rejoicing after co-defendant struck [the minor plaintiff] on the head."
The sum of such evidence indicates that, contrary to the assertions of the defendants, there is a genuine issue of material fact as to whether the defendant Tara Merlone "caused" the physical contact with CeCrystal Umeugo. That is, there is a genuine issue of material fact as to the role played by Tara Merlone in the incidents alleged in the complaint. Pursuant to the criminal penal codes embodied in General Statutes §53a-8, "a person . . . who solicits, requests, commands, importunes or intentionally aids another person" in the commission of a criminal act is responsible for that act as if he or she were the principal offender. Since there is nothing in § 52-571c to suggest that such accomplices are somehow exempt from civil action, there remains a question of fact as to the liability of Tara Merlone under the statute.
In the alternative, the defendants move for summary judgment on the fourth count on the ground that the Merlone parents were not present at the time of the alleged acts and were not aware of such acts until later. Thus, the defendants argue that they cannot be held liable under any of the statutes enumerated in the complaint.
The plaintiffs, however, have specifically alleged that the Merlone parents are vicariously liable for the actions of their daughter pursuant to § 52-572. This section states, in CT Page 6416 pertinent part, that "the parents . . . of any unemancipated minor or minors, which minor or minors wilfully and maliciously cause damage to any property or injury to any person . . . shall be jointly and severally liable with the minor or minors for the damage or injury . . . if the minor or minors would have been liable for the damage or injury if they had been adults . . ." General Statutes § 52-572(a). Nowhere does the statute in question require that the parents actually be present or witness the tortious acts of the minor or minors. Since there is a question of fact as to whether Tara Merlone acted in a wilful and malicious manner, any resolution of the Merlones' liability for the actions of their daughter is inappropriate at the present time. The defendants' alternative ground for summary judgment should, accordingly, fail.
The motion for summary judgment as to the fourth count is therefore denied.
In the fifth count, the plaintiffs allege that the minor plaintiff suffered injuries after being struck in the head by Matthew Czajkowski. The plaintiffs' complaint further alleges that Tara Merlone encouraged and egged on Matthew Czajkowski in his actions.
The defendants move for summary judgment on the ground that the plaintiffs have failed to allege any basis for liability on the part of the Merlones. Specifically, the defendants argue that they have refuted the allegations of the plaintiffs and that the plaintiffs have not offered any evidence to raise an issue as to question of fact. In support of this assertion, the defendants offer affidavits, including one from Tara Merlone, which attest that they never assaulted the plaintiff CeCrystal Umeugo or otherwise encouraged anyone to either physically or verbally assault CeCrystal Umeugo. As such, the defendants argue that there is no evidence which supports the allegations of civil assault contained in the fifth count.
The evidence offered by the plaintiffs appears to dispute such a contention. The affidavit of CeCrystal Umeugo as well as other sworn statements contained in a police report accompanying the objection to the motion for summary judgment suggest that many of the remarks uttered by Matthew Czajkowski appear to have been done at the urging and encouragement of Tara Merlone. Moreover, the affidavit of CeCrystal Umeugo attests to the fact that Tara Merlone harassed and jeered the minor plaintiff and CT Page 6417 encouraged Matthew Czajkowski on the very day the latter allegedly assaulted CeCrystal Umeugo following a conversation with Tara Merlone.
In general, civil liability for an assault and battery is not limited to the direct perpetrator of the act charged, but also extends to any person who by any means encourages or incites that act or aids and abets it. 6 Am. Jur.2d, Assault and Battery, § 128 (1963). From the evidence offered by both parties in support and in opposition to the motion for summary judgment, it is apparent that there are questions of fact regarding the extent of the role played by Tara Merlone in Matthew Czajkowski's alleged assault on CeCrystal Umeugo.
The defendants' motion for summary judgment as to the fifth count of the complaint is therefore denied.
In the sixth count, the plaintiffs allege that the defendants should have known that their actions, which were extreme and outrageous, would cause the minor plaintiff emotional distress. The defendants move for summary judgment as to this count on the ground that the plaintiffs have failed to allege any acts which are actionable as causing the plaintiffs any damage. Specifically, the defendants argue that the plaintiffs have failed to allege any extreme or outrageous acts on the part of the defendants that would rise to the level needed to establish an actionable tort.
"In order for [a] plaintiff to prevail in a case for liability under the intentional infliction of emotional distress [tort], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Petyan v.Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind . . . Thus, it is the intent to cause injury that is the gravamen of the tort . . . (Internal quotation marks omitted.) DeLaurentis v. New Haven, CT Page 6418220 Conn. 225, 266-67, 597 A.2d 807 (1991).
"A line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility. (Citations omitted; internal quotation marks omitted.)Whelan v. Whelan, 41 Conn. Sup. 519, 522-23, 588 A.2d 251 (1991) Thus, "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. Conduct on the part of the defendant, however, "that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based on intentional infliction of emotional distress." Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 20, 597 A.2d 846 (1991); see also Brown v.Ellis, 40 Conn. Sup. 165, 167, 484 A.2d 944 (1984) ("mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice"). In the present case, the plaintiffs have alleged that Matthew Czajkowski, with the encouragement of Tara Merlone, made disparaging racial remarks to the minor plaintiff and then, on one occasion, assaulted the minor plaintiff. As previously discussed, there are questions of fact as to the role played by Tara Merlone in the allegations just described.
Whether the actions of the defendants rise to a level of being "extreme and outrageous" under all of the circumstances in this case is, a question of fact for the trier. Simply, reasonable minds can differ as to the characterization of the defendants' actions. "Summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." Batick v. Seymour, 186 Conn. 632,646-47, 443 A.2d 471 (1982); see also Hansen v. Berger, LehmanAssociates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 395163, (October 14, 1994, Freed, J.) (whether the conduct of a defendant rose to the level of extreme and outrageous behavior, where the defendant had used profanity and made defamatory statements about the plaintiff, was a factual question for the jury).
The defendants' motion for summary judgment as to the sixth count is therefore denied. CT Page 6419
Thompson, J.