[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: #102 MOTION TO STRIKE
Presently before the court is defendant's motion to strike counts one and six. Said motion should be denied.
On May 5, 1998, the plaintiff, Melissa Dombroski, filed a seven count complaint against the defendants, Envirotest Systems, Inc., Robert Jackson and Jennifer Stefanik, arising from actions allegedly constituting employment discrimination by the defendants. By agreement of the parties, only counts one and six are at issue for purposes of the present motion to strike.
Count one alleges, in part, that the defendants discriminated against the plaintiff based upon her sex, sexual orientation, and in retaliation for filing a complaint with the Commission on Human Rights Opportunities. The plaintiff alleges a violation of General Statutes §§ 46a-60(a)(1), 46a-60(a)(4) and 46a-81c. Count six alleges intentional infliction of emotional distress by the defendants Stefanik and Jackson.
On July 27, 1998, all defendants filed a motion to strike counts one, two, three and six of the plaintiffs complaint, and a memorandum in support. The plaintiff submitted a memorandum in opposition to the defendants' motion to strike, dated September 3, 1998, in which she agreed to strike counts two and three. Additionally, at short calendar on May 10, 1999, the plaintiff orally agreed to withdraw her complaint as to the defendant Stefanik, therefore, the remaining counts subject to the pending motion to strike are counts one and six, as directed against the defendants Jackson and Envirotest only.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270. The court "must take as true the facts alleged in the plaintiffs complaint and must construe the CT Page 11314 complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autori, 236 Conn. 773, 825. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Pamela B. v. Ment, 244 Conn. 296, 308.
In count one, the plaintiff alleges employment discrimination against the defendants Jackson and Envirotest, based upon her sex, sexual orientation and in retaliation for filing a complaint with CHRO, in violation of General Statutes §§ 46a-60(a)(1),46a-60(a)(4) and 46a-81c. The defendants move to strike this count on the ground that § 46a-60 et seq. does not afford an independent cause of action as to Envirotest employees in either their individual or supervisory capacities and that § 46a-60(1) and (4) do not expressly provide for the "personal liability of supervisory employees who violate the Act."
Section 46a-60(a)(1) provides in pertinent part: "(a) It shall be a discriminatory practice in violation of this section: (1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age [or] sex. . . ." (Emphasis added.) General Statutes § 46a-60(a)(1). Further, § 46a-60(a)(4) provides that it is a violation of this section "(4) [f]or any person, employer, labor organization oremployment agency to discharge, expel or otherwise discriminate against any person because he has opposed any discriminatory employment practice or because he has filed a complaint or testified or assisted in any proceeding under section 46a-82,46a-83 or 46a-84." (Emphasis added.) General Statutes § 46a-60(a) (4). In addition, § 46a-81c provides in pertinent part: "It shall be a discriminatory practice in violation of this section: (1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment CT Page 11315 because of the individual's sexual orientation. . . ." (Emphasis added.) General Statutes § 46a-81c.
The specific language of § 46a-60(a)(4) prohibiting any"person" from discharging, expelling or otherwise discriminating against any person because he has opposed any discriminatory employment practice, leads to the conclusion that a cause of action against an individual is permitted under this section. "[T]he history of this mass of [antidiscrimination] legislation evidences a firm commitment not only to end discrimination against women, but to also do away with discriminationaltogether. . . . Construing the remedial provision of the CFEPA to allow supervisory employees to be held individually liable is the only way we can meet such a strong commitment ensuring that each and every citizen of this state is treated equally." (Emphasis added; internal quotation marks omitted.) Lueneburg v.Mystic Dental Group, supra, Superior Court, Docket No. 535839; see also Evening Sentinel v. National Organization for Women, supra, 168 Conn. 34.
The plaintiffs remaining allegation in count six alleges intentional infliction of emotional distress against the defendant Jackson. The defendants move to strike this count on the ground that the plaintiff has failed to allege extreme and outrageous conduct on the part of the defendant Jackson.
Connecticut recognizes the tort of intentional infliction of emotional distress. See Peytan v. Ellis, 200 Conn. 243, 253. "In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . ." (Citations omitted; internal quotation marks omitted.) Id. See also Appleton v. Board ofEducation, 53 Conn. App. 252, 265. "Whether the defendant's conduct and the plaintiffs resulting distress are sufficient to satisfy either of these elements is a question, in the first instance, for this court. Only where reasonable minds can differ does it become an issue for the jury." Mellaly v. Eastman KodakCo., 42 Conn. Sup. 17, 18, 597 A.2d 846 (1982). CT Page 11316
Liability for intentional infliction of emotional distress requires "`conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.'"Petyan v. Ellis, supra, 200 Conn. 254 n. 5, quoting W. Prosser 
W. Keeton, Torts (5th Ed.) § 12, p. 60; see also DeLaurentisv. New Haven, 220 Conn. 225, 267, 597 A.2d 507 (1991). "Mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice. . . . Such conduct may, however, give rise to a cause of action where the defendant is aware of the peculiar sensitivities of the plaintiff." Brown v. Ellis,40 Conn. Sup. 165, 167. "The extreme and outrageous character of the conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity. The conduct may become heartless, flagrant, and outrageous when the actor proceeds in the face of such knowledge, where it would not be so if he did not know." (Internal quotation marks omitted.) Id. Additionally, "alleged retaliatory conduct is that type of extreme and outrageous conduct, which, together with the other elements of the tort, constitutes intentional infliction of emotional distress." (Internal quotation marks omitted.) Talit v.Peterson, 44 Conn. Sup. 490, 498.
Here, the plaintiff alleges a series of incidents which, taken as a whole, could amount to extreme and outrageous conduct by the defendant Jackson. She alleges that as a direct and proximate result of this defendant's acts and omissions, she was denied a promotion, was transferred and subsequently constructively discharged from her employment with Envirotest, and thereby suffered the loss of her employment, wages and benefits. Specifically, she alleges that she was subject to verbal taunting by co-workers and threatened with bodily harm, on the basis of her sex and sexual orientation. After reporting these incidents to the human resources department, the plaintiff alleges that no subsequent action was taken. She also alleges (that she was given a promotion which was almost immediately withdrawn by the defendant Jackson. After a meeting to resolve the promotion situation, the defendant observed how upset the plaintiff was as a result of the chain of events which had transpired. The plaintiff was then advised by the defendant Jackson not to report to work until contacted by the company. A few days later, the plaintiff alleges that she was told by the company that she was being transferred to a different work location. When the plaintiff expressed her dissatisfaction with CT Page 11317 the proposed transfer, she was given the option to either submit her resignation or accept the transfer. The plaintiff accepted the transfer, however, and allegedly, this resulted in her working fewer hours, being paid a lower rate and not being paid accurately for all the hours she worked, ultimately resulting in a constructive discharge.
When deciding a motion to strike, the court "must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, supra,244 Conn. 270. The complaint alleges that the defendant Jackson intended to inflict emotional distress upon the plaintiff, and knew or should have know at all times that his acts or omissions would result in emotional distress to her. The plaintiff also states that she has suffered and will continue to suffer emotional distress as a result of the extreme and outrageous actions of the defendant. The allegations as pleaded by the plaintiff are sufficient to withstand the defendants' motion to strike. Reasonable minds may differ as to whether the alleged conduct of the defendant Jackson amounts to extreme and outrageous conduct.
Accordingly, the motion to strike counts one and six is denied.
Fracasse, J.