[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Area Cooperative Educational Services (ACES) has moved for summary judgment as to the plaintiff's revised complaint dated August 28, 1998 which stems from injuries suffered by the plaintiff when he was assaulted in the course of his employment. The plaintiff alleges failure to indemnify educational personnel assaulted in the line of duty pursuant to Connecticut General Statutes § 10-236a, intentional infliction of emotional distress and negligent infliction of emotional distress. The defendant claims it is entitled to judgment as a matter of law because it is not governed by C.G.S. § 10-236, it is protected by the doctrine of sovereign immunity, the plaintiff failed to exhaust his administrative remedies, its actions were not extreme and outrageous and its actions were not reasonably calculated to cause emotional harm to the plaintiff.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Home Insurance Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202 (1995). In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to determine whether such issues exist. Telesco v.Telesco, 187 Conn. 715, 718 (1982). The party opposing a motion for summary judgment must set forth a sufficient factual predicate to demonstrate that the moving party is not entitled to judgment as a matter of law.
The first count of the revised complaint alleges that ACES failed to protect or save the plaintiff harmless from financial loss and expense pursuant to C.G.S. § 10-236a arising from injuries allegedly sustained on April 25, 1995. The defendant claims that it is not subject to C.G.S. § 10-236a(a) which reads, in part:
 "Each board of education shall protect and save harmless . . . . any teacher or other employee thereof . . . from financial loss and expense, including payment of expenses reasonably incurred for medical or other service necessary as a result of an assault upon such teacher or other employee while such person was acting in the discharge of his or her duties. . . ."
The defendant contends that because § 10-236 constitutes a derogation of sovereign immunity, it should be narrowly construed, and that since it does not expressly mention regional education centers, the statute cannot apply by implication.
The defendant (ACES) is a regional education service center established pursuant to C.G.S. § 10-66 et seq. Section 10-66i provides: "All state CT Page 1352 statutes concerning education. . . . shall apply to the operation of regional educational service centers." C.G.S. § 10-236a is a statute which deals with education, boards of education and educational personnel of state agencies. ACES has identified itself as a state agency in asserting their claim for sovereign immunity and it is subject to the provisions of § 10-236.
The doctrine of sovereign immunity is not an absolute bar to suits against the state. "It is the established law of our state that the state is immune from suit unless the state, by appropriate legislation, consents to be sued. (Internal citations omitted) The state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed by the use of express terms or by force of a necessary implication." Baker v. Ives, 162 Conn. 295, 298 (1972).
It is evident from the language of § 10-236a(a) that the legislature intended to waive the protection of sovereign immunity in actions brought pursuant to this statute. The defendant does not dispute this. Having determined that ACES is governed by § 10-236, the motion for summary judgment is denied.
The defendant further claims that it is entitled to judgment on the first count because the plaintiff failed to exhaust his administrative remedies pursuant to the collective bargaining agreement (CBA). The CBA to which the plaintiff was subject outlined an extensive grievance procedure. It is undisputed that the plaintiff did not file a grievance in accordance with this procedure. The plaintiff asserts that C.G.S. §31-51bb does not require him to exhaust his contractual remedies because his claims stem from an independent statutory cause of action brought pursuant to C.G.S. § 10-236a and does not allege a violation of the CBA.
In Genovese v. Gallo Wine Merchants, Inc., the Supreme Court interpreted § 31-51bb as follows: "[A] cause of action arising under the state or federal constitution or state statute cannot be lost solely because the employee is covered by a collective bargaining agreement. Plainly, therefore, an employee who does not exhaust the grievance procedures established in a collective bargaining agreement may pursue a cause of action in the Superior Court if the cause of action is premised on an independent statutory [or constitutional] claim. To hold otherwise would be to deny such an employee the right to pursue a statutory [or constitutional] action solely because of the existence of a collective bargaining agreement." (Emphasis omitted.) 226 Conn. 475, 481-482,628 A.2d 946 (1993). The exhaustion requirement is retained in cases "in which the plaintiff's claim arises from a right dependent on the CT Page 1353 provisions of the collective bargaining agreement." Id., 482.
The plaintiff has not alleged a violation of his rights under the collective bargaining agreement. In asserting a statutory cause of action, the plaintiff is not required to proceed through the union grievance procedure prior to commencing litigation.
The defendant also argues that the plaintiff's claims are barred by the exclusivity of the workers' compensation act. In support of this contention, the defendant cites the following language from C.G.S. §10-236a: ". . . saved harmless for financial loss and expense for expenses not paid by the individual teacher's or employee's insurance, or workers' compensation." This statute provides protection beyond that afforded an employee pursuant to workers' compensation. The fact that the plaintiff has a pending workers' compensation suit does not preclude this action.
Based on the foregoing, the motion for summary judgment as to the first count is denied.
The second count of the revised complaint alleges intentional infliction of emotional distress, and the third count alleges negligent infliction of emotional distress. The plaintiff claims exception to the doctrine of sovereign immunity as to the second and third counts of his complaint and the plaintiff claims that there exists an issue of fact as to whether the actions of the defendant were wanton and reckless. Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute. Horton v. Meskill, 172 Conn. 615, 624 (1977). Where no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction. Antinerella v. Rioux,229 Conn. 479 (1994); Shay v. Rossi, 253 Conn. 134, 169 (2000). The plaintiff has not claimed that ACES has acted in excess of its statutory authority or pursuant to an unconstitutional statute. In the absence of such assertions, ACES is cloaked with sovereign immunity against this claim.
The defendant also claims that the plaintiff's allegations do not rise to the level of extreme and outrageous to satisfy a claim for intentional infliction of emotional distress. The court agrees. "Extreme and outrageous conduct is an essential element in the tort of intentional infliction of emotional distress. Mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice." Brownv. Ellis, 40 Conn. Sup. 165, 167, 484 A.2d 944 (1984); Biro v. Hirsch, CT Page 1354 Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 314442 (February 5, 1998) (Skolnick, J.). "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'" Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 20,597 A.2d 846, quoting 1 Restatement (Second), Torts § 46, comment (d). The actions of the defendant which the plaintiff asserts were wanton and reckless include intentionally moving him to a smaller classroom, destroying his equipment, forcing him to transport his students between two classrooms in two different buildings, denying him the use of his darkroom, failing to accommodate him upon his return to work, improperly ordering him to charge his sick leave against unused sick and vacation time, and failing to pay him his full salary. The court finds that these allegations, as a matter of law, do not rise to the level of extreme and outrageous.
The motion for summary judgment is granted as the second count as it is barred by the doctrine of sovereign immunity and the allegations do not rise to the level of extreme and outrageous as a matter of law. The motion for summary judgment as to the third count is granted pursuant to the doctrine of sovereign immunity.
BISHOP, J.