[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On January 7, 2002, the plaintiff, Margherita Del Core, filed a four-count complaint against the defendant, Mohican Historic Housing Associates. This action arises out of injuries and losses allegedly sustained by the plaintiff as a result of the defendant's failure to timely notify or take action to timely notify the plaintiff of the death of its tenant and her brother, Anthony Caruso, until four months after his death, thereby depriving the plaintiff, the decedent's next of kin, of the ability to take possession of the decedent's body for burial. It CT Page 8446 is further alleged that when the plaintiff was finally notified of the decedent's death by the defendant, the decedent had already been buried in a pauper's grave after unsuccessful efforts by Yale New Haven Hospital to obtain next of kin information from the defendant.
Count one alleges negligent interference with the right to possession and disposition of the remains of a deceased person due to the defendant's negligent failure to timely notify the plaintiff of the decedent's death despite having knowledge that the plaintiff was the decedent's next of kin and despite the plaintiff's right as next of kin to immediate possession of the decedent's body for preservation and/or burial. Count two alleges intentional infliction of emotional distress as a result of the defendant's withholding of information, which deprived the plaintiff of taking possession of the decedent's body for burial. Count three alleges negligent infliction of emotional distress resulting from the defendant's failure to search for and notify the plaintiff of the decedent's death. Count four alleges intentional and reckless infliction of emotional distress.
On February 21, 2002, the defendant filed a motion to strike all counts of the complaint, accompanied by a memorandum in support. On March 13, 2002, the plaintiff filed a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original; internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000).
A. Count One
CT Page 8447
The defendant moves to strike count one on the ground that the plaintiff has not sufficiently pleaded a cause of action. The defendant argues that the plaintiff has not alleged the existence of any legal relationship, contractual or otherwise, that would form a sufficient basis for the existence of a legal duty nor has the plaintiff referenced any statutory sections which may impose such a duty, and, therefore, give rise to a cognizable cause of action. (Defendant's Memorandum of Law in Support of its Motion to Strike, pp. 3-4.)
The plaintiff counters that the inquiry as to whether a duty of care exists should not be so narrowly construed as to only have roots in statutory or contractual law. She asserts that while a legal duty to use care can arise from the terms of a contract or from a pertinent statute, it can also arise from "circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike, p. 6.) The plaintiff contends that such "circumstances" have been sufficiently pleaded in her complaint because the defendant knew of the decedent's death and knew of the decedent's next of kin, but failed to notify the next of kin until some four months after the decedent's death (Complaint, Count One, ¶¶ 4, 9, 10.)
While duty between parties may arise from certain other "circumstances," the existence of any such circumstances is not dispositive of the existence of duty. The test for the existence of a legal duty is twofold. It entails: "(1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." (Internal quotation marks omitted.) Gazov. Stamford, supra, 255 Conn. 250.
While the plaintiff asserts that the circumstances she alleges would lead an ordinary person in the defendant's position to anticipate that harm would be suffered by her, mere foreseeability is not enough. "A simple conclusion that the harm to the plaintiff was foreseeable . . . cannot by itself mandate a determination that a legal duty exists. Many harms are quire literally foreseeable, yet for pragmatic reasons, no recovery is allowed. . . . The final step in the duty inquiry . . . is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results. . . ." CT Page 8448 (Citation omitted; internal quotation marks omitted.) Lombard v. EdwardJ. Peters, Jr., P.C., supra, 252 Conn. 633. To date, there is no appellate authority that extends liability to the circumstances alleged here.
The defendant's motion to strike count one is granted because Connecticut does not recognize a cause of action for negligent interference with the possession and disposition of a dead body, therefore, no duty is owed by the defendant to the plaintiff.
B. Count Two
The defendant moves to strike count two on the ground that the plaintiff fails to allege facts to support a claim for intentional infliction of emotional distress. The defendant argues that the plaintiff fails to allege facts sufficient to amount to extreme and outrageous conduct. The plaintiff counters that count two is actually a claim for intentional interference with the right to possession and disposition of the remains of the deceased and that the claim is properly pleaded.
The language of count two reveals that it is a claim for intentional infliction of emotional distress. To prevail on a cause of action for intentional infliction of emotional distress, four elements must be established. It must be shown: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Appletonv. Board of Education, 254 Conn. 205, 210, 757 A.2d 1059 (2000). "All four elements must be pleaded in order to survive a motion to strike." (Internal quotation marks omitted.) Burney v. Downer Funeral Home, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 99 0175648 (August 13, 2001, Lewis, J.T.R.).
"Extreme and outrageous conduct is an essential element in the tort of intentional infliction of emotional distress." Brown v. Ellis,40 Conn. Sup. 165, 167, 484 A.2d 944 (1984). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous! . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for CT Page 8449 an action based upon intentional infliction of emotional distress." (Internal quotation marks omitted.) Appleton v. Board of Education, supra, 254 Conn. 210-11. "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." (Citation omitted.) Id., 210.
Because the alleged failure to notify the plaintiff of the decedent's death does not meet the threshold of sufficiency for extreme and outrageous conduct, the defendant's motion to strike count two is granted.
C. Count Three
The defendant moves to strike count three on the ground that the plaintiff has not sufficiently pleaded a cause of action for negligent infliction of emotional distress. The defendant argues that the facts fail to support that a legal duty was owed by the defendant to the plaintiff, the breach of which would support a claim for negligent infliction of emotional distress. The plaintiff counters that it has sufficiently alleged facts to show the existence of a duty and that its emotional distress claim is proper.
"To succeed in a claim for negligent infliction of emotional distress, the plaintiff must prove two facts: (1) negligence on the part of the defendant; see Urban v. Hartford Gas Co., 139 Conn. 301, 304, 93 A.2d 292
(1952); and (2) that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were causes, might result in illness or bodily harm.Parsons v. United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655
(1997); Urban v. Hartford Gas Co., supra, 139 Conn. 307." (Internal quotation marks omitted.) Himberg v. Shure Funeral Home, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 99 0266920 (February 20, 2001, Robinson-Thomas, J.) (29 Conn.L.Rptr. 201, 202).
As noted previously, Connecticut does not recognize the cause of action asserted by the plaintiff in count one, and, therefore, no legal duty can be owed by the defendant to the plaintiff. As a result, the plaintiff's claim for negligent infliction of emotional distress is legally insufficient and the motion to strike count three is granted.
D. Count Four
The defendant moves to strike count four on the ground that the plaintiff has failed to allege facts in the complaint which would support CT Page 8450 a cognizable legal duty on the part of the defendant. The defendant argues that count four is a "negligence-based" claim and that a legal duty must be the predicate for any such claim. The plaintiff counters that count four is actually an intentional infliction of emotional distress claim and that it has sufficiently pleaded the necessary elements of the cause of action.
The language of count four reveals that it is a claim for intentional and reckless infliction of emotional distress. The plaintiff alleges that the "defendant acted with extreme and outrageous conduct that was intended to cause or recklessly disregarded the probability of causing emotional distress to the plaintiff." (Complaint, Count Four, ¶ 12.) "An allegation of reckless conduct which inflicts emotional distress is regarded as an allegation of intentional infliction of emotional distress." Chmelecki v. Decorative Screen Printers, Inc., Superior Court, judicial district of New London, Docket No. CV 532014 (June 19, 1995, Hurley, J.), citing Petyan v. Ellis, 200 Conn. 243, 253,510 A.2d 1337 (1986). Although count four alleges both intentional and reckless conduct, it will be regarded as a single claim for intentional infliction of emotional distress.
Whether the plaintiff fails to allege duty, as argued here by the defendant, has no bearing on the sufficiency of a claim for intentional infliction of emotional distress. "The tort of intentional infliction of emotional distress does not require that the tortfeasor breach any duty to the claimant; rather, it is the tortfeasor's intentional conduct that is the basis for the claim." (Internal quotation marks omitted.) Carametav. Allstate Insurance Co., Superior Court, judicial district of AnsoniaMilford at Milford, Docket No. CV 00 069943 (January 8, 2001,Grogins, J.). Accordingly, the defendant's motion to strike count four is denied.
For the foregoing reasons, the defendant's motion to strike counts one, two and three is granted and its motion to strike count four is denied.
 ___________________ D. Michael Hurley Judge Trial Referee