[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #149
The present case arises from an alleged assault and abuse against the plaintiff, Gail DeCorso by her husband Michael DeCorso, who were both baptized into the Jehovah's Witness religion. The plaintiff, through counsel, filed her action against the defendant, Watchtower Bible and Tract Society of New York, Inc. (Watchtower) and several members of the Watchtower organization including the named defendants, Charles E. Bradshaw, Charles Thomas, James R. Waddington and George Griffin. The plaintiff alleges that Watchtower and its elders, the individual defendants, are responsible to the plaintiff for the abuse inflicted upon her by her husband.
The original second revised complaint alleged, in four counts, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract and breach of fiduciary duty. The court, Pellegrino, J., by memorandum of decision dated March 10, 2000, struck all four counts of the second revised complaint on statute of limitations and first amendment grounds. See DeCorso v. Watchtower,46 Conn. Sup. 386, ___ A.2d ___ (2000)
On April 5, 2000, the plaintiff filed a pro se appearance and an amended complaint. The defendants filed an objection to the amended complaint and moved for judgment on the ground that the original complaint was stricken in its entirety and the plaintiff failed to file a substitute complaint within the time allowed by the Practice Book. This court found that "upon careful examination of the four count April 3, 2000, amended complaint, it is evident that the allegations contained therein do not overcome the deficiencies noted by the court in the March 10, 2000, ruling on defendants' motion to strike." DeCorso v.Watchtower, Superior Court, judicial district of Waterbury, Docket No. 145296 (May 19, 2000, Wiese, J.). The plaintiff was allowed fifteen days from the notice of the ruling to file a substitute pleading. See id. The motion for judgment was denied by the court, Hodgson, J., on April 24, 2000.
The plaintiff filed a substitute complaint on June 2, 2000, which alleges in four counts, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract and breach of fiduciary duty respectively. On July 7, 2000, the defendants filed the present motion to strike on the ground that counts one, two and four are barred by the statute of limitations; counts one, three and four fail to state a claim upon which relief can be granted and that the complaint is CT Page 12764 barred by the first amendment. The plaintiff filed an objection to the motion to strike on July 10, 2000 and a memorandum in opposition on July 21, 2000.
 Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike, admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Id., 588.
 A. Statute of limitations
"[A] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike."Girard v. Weiss, 43 Conn. App. 397, 415, 682 A.2d 1078, cert. denied,239 Conn. 946, 686 A.2d 121 (1996) see also Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993). "[T]he objection to this mode of pleading is that it raises no issue and deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgment. . . . A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense." (Citation omitted; internal quotation marks omitted.) Forbes v. Ballaro, supra, 31 Conn. App. ___.
There are, however, two limited exceptions to this general rule. A motion to strike to raise the defense of the statute of limitations is appropriate, "if all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true," or "if a statute creating the cause of action on which the plaintiff relies fixes the time within which the cause of action must be asserted."Girard v. Weiss, supra, 43 Conn. App. 415; see also Forbes v. Ballaro, supra, 31 Conn. App. 239-40.
The plaintiff's substitute complaint, similar to the original second CT Page 12765 revised complaint, alleges the following specific dates for the acts or omissions with respect to the named defendants: Bradshaw, 1976-1994 (Substitute complaint, ¶¶ 8, 15, 20 and 25); Waddington, 1978-1994 (Substitute complaint, ¶¶ 9, 11, 20 and 21); Griffin, 1985 (Substitute complaint, ¶ 11); Thomas, 1990-91 (Substitute complaint, ¶ 2B); Bender, 1980-88 (Substitute complaint, ¶¶ 10, 11, 13, and 14); Blackwell, 1989 (Substitute complaint, ¶ 16); and Frager, 1990-94 (Substitute complaint, ¶¶ 18 and 20). The plaintiff's substitute complaint alleges an additional date, January 1995, with respect to an unnamed defendant, Mark Garro. (Substitute complaint, ¶ 26).
As noted by the court in its previous ruling, the parties agreed that all relevant dates pled in the second revised complaint were true and accurate for the purposes of the motion to strike. See DeCorso v.Watchtower, supra, 46 Conn. Sup. 393. Specifically, the complaint alleged that "the acts and omissions of the defendants . . . directly and proximately caused the plaintiff to suffer physical and emotional injuries during the period of 1975 to 1994." Id. The plaintiff's substitute complaint now specifically alleges that the "defendants used slanderous and deceptive means to discredit her, culminating with her expulsion/disfellowshipping in April 1996."
The defendant argues that the plaintiff does not allege that this act constituted an act of intentional infliction of emotional distress or a breach of fiduciary duty. Further, even if the plaintiff did make the allegation, it would be improper for the court to address the argument based on the excessive entanglement doctrine. The plaintiff argues that the defendants' argument fails to consider dates from the substitute complaint that include dates of 1995, 1996 and the present.
In the this case, the exception in Girard v. Weiss, supra,43 Conn. App. 415, does not apply because the parties no longer agree that the relevant dates are true. Further, the plaintiff has filed a substitute complaint that alleges dates which bring the cause of action within the three year statute of limitations, General Statutes §52-577.
Accordingly, the court will address the plaintiff's substitute complaint on the merits.
 B. Intentional and Negligent Infliction of Emotional Distress
The first and second counts of the substitute complaint allege intentional and negligent infliction of emotional distress respectively. CT Page 12766 A claim for intentional infliction of emotional distress must include the following elements: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Parsons v.United Technologies Corp., 243 Conn. 66, 101, 700 A.2d 655 (1997).
"[R]ecovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact." Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 345, 398 A.2d 1180 (1978). "[T]he plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. United TechnologiesCorp., supra, 234 Conn. 88.
"In order to establish a claim for intentional infliction of emotional distress, the plaintiff must plead that the defendant's conduct was extreme and outrageous. . . . The issue of whether the defendant's conduct rises to the level of extreme and outrageous behavior is a question of law to be decided by the court." (Internal quotation marks omitted.) Zabensky v. Lawrence Memorial Hospital, Superior Court judicial district of New London at New London, Docket No. 10783 (August 5, 1995, Martin, J.). "Extreme and outrageous conduct is an essential element in the tort of intentional infliction of emotional distress. . . . Mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice." (Citations omitted.) Brown v. Ellis,40 Conn. Sup. 165, 167, 484 A.2d 944 (1984); Biro v. Hirsch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 314442 (February 5, 1998, Skolnick, J.).
"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'" Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 20,597 A.2d 846 (1991).
The defendants argue that the plaintiff has not sufficiently pled allegations to satisfy the first and second elements of a claim for intentional infliction of emotional distress. The plaintiff's substitute CT Page 12767 complaint states that "[t]he actions of the defendants described above were extreme and outrageous and caused the plaintiff to suffer both physical and extreme emotional distress." (Substitute complaint, count one, ¶ 34.) Reading the substitute complaint in its entirety and in the light most favorable to the plaintiff, the court finds that the alleged conduct of the defendants rises to the level of extreme and outrageous conduct for emotional distress. The plaintiff has alleged conduct of the defendants sufficient to meet the elements of intentional and negligent infliction of emotional distress for the purposes of a motion to strike. Accordingly, the defendants' motion to strike the first and second counts is denied.
 C. Breach of contract
The third count of the substitute complaint sounds in breach of contract. The defendants move to strike the third count of the substitute complaint on excessive entanglement grounds. The plaintiff argues that her statements are clear, concise and secularly written. Further, the plaintiff argues that "[t]he contract is clear and judicial interpretation is unnecessary; there is no excessive entanglement."
The court, Pellegrino, J., struck the third count of the second revised complaint on the ground that it "could not determine whether there is an implied contract under the neutral principles approach without resorting to an excessive entanglement with the religious doctrines, teachings and internal affairs of the Watchtower organization." DeCorso v. Watchtower, supra, 46 Conn. Sup. 399.
In the present case, the third count of the substitute complaint sounds in breach of contract and contains references religious scripture as the basis for the contract claim. The allegations contained in the third count of the substitute complaint do not overcome the deficiencies noted by the court in the March 10, 2000, ruling on defendants' motion to strike. Accordingly, the defendants' motion to strike the third count of the substitute complaint is granted.
 D.
Breach of fiduciary duty
"[A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Beverly Hills Concepts, Inc. v.CT Page 12768Schatz and Schatz, 247 Conn. 48, 56, 717 A.2d 724 (1998). "Professional negligence implicates a duty of care, while breach of a fiduciary duty implicates a duty of loyalty and honesty." Id.
The defendants move to strike the fourth count of the substitute complaint for failing to allege facts sufficient to establish a fiduciary duty on behalf of the defendants. The plaintiff relies on Martinelli v.Bridgeport Roman Catholic Diocesan Corp., 196 F.3d 409, 10 F. Sup.2d 138
(D.Conn. 1998), to support the existence of a fiduciary relationship. The plaintiff argues that the relationship "does not have to be examined each and every time a religious society's minister is in violation of the law."
"The Connecticut Supreme Court has specifically refused to define a fiduciary relationship in precise detail and in such a manner as to exclude new situations, choosing instead to leave the bars down for the situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other." (Internal quotations omitted.) Martinelli v. Bridgeport Roman Catholic Diocesan Corp., supra, 196 F.3d 429, citing Alaimo v. Royer, 188 Conn. 36, 41, 448 A.2d 207, 209
(1982). The district court was "disinclined to read the specific requirements [for a fiduciary relationship] that the Diocese offers into Connecticut law." Id, 429.
Martinelli v. Bridgeport Roman Catholic Diocesan Corp., supra,196 F.3d 409, involved a pastor of a church and a fourteen year old high school student. See id., 413-14. The plaintiff claimed that his pastor abused a position of trust and induced members of his youth group to engage in sexual relations. See id., 414. The district court found sufficient evidence to support a jury's finding that a fiduciary relationship existed between the parishioner and the diocese. See id., 430. A fiduciary relationship was found because the diocese had sponsored and encouraged the priest's activities and interaction with youth of the parish, the parishioner was a student at diocesan school who participated in church sponsored activities, and the parishioner took diocesan teachings very seriously and considered his bishop his caretaker and moral authority. See id., 429-30.
The present case is distinguishable from Martinelli v. Bridgeport RomanCatholic Diocesan Corp., supra, 196 F.3d 409, because it involved the breach of fiduciary duty of a minor child who entrusted his teachings and moral authority to the diocese. Further, because the present case does not involve a minor child, it does not involve a "justifiable trust confided on one side" and a "resulting superiority and influence" on the other. This court declines to read specific requirements for a fiduciary relationship in a religious context into Connecticut law. Accordingly, CT Page 12769 the defendants' motion to strike the fourth count of the revised complaint is granted.
 E. Conclusion
For the foregoing reasons, the defendants' motion to strike the first and second counts of the substitute complaint is denied. The defendants' motion to strike the third and fourth counts of the substitute complaint is granted.
So ordered. October 13, 2000
BY THE COURT
PETER EMMET WIESE